UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61376-CIV-MARRA

LEO H. BRADMAN, an individual,

Plaintiff,

vs.

MENTAL HEALTH NETWORK, INC.,
a Louisiana corporation,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Mental Health Network, Inc.'s ("Defendant") Motion for Partial Summary Judgment as to Count II, or in the Alternative, Motion for Judgment on the Pleadings as to Count II (DE 12). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On August 27, 2008, Defendant filed a Notice of Removal (DE 1), after having been served with Plaintiff Leo H. Bradman's ("Plaintiff") Complaint filed on July 31, 2008 in the Circuit Court of the 17th Judicial Court in and for Broward County, Florida. Plaintiff brings this two-count Complaint alleging breach of contract (count one) and breach of implied duty of good faith and fair dealing (count two). According to the Complaint, Plaintiff and Defendant entered into a stock purchase agreement by which Defendant agreed to buy all of Plaintiff's beneficial interest in Unipsych Corporation ("Unipsych") and its subsidiaries in exchange for three million

dollars (Compl. ¶¶ 6-7.)  According to the purchase agreement, Defendant was required to pay 2.5 million dollars on the closing date.  One hundred eighty days after the closing date, Defendant was to pay the remaining $500,000.00 ("the holdback amount") of the purchase price "minus the amount of unpaid provider claims for authorized, covered services provided prior to the closing date." (Compl. ¶ 8.)  The parties also entered into an addendum to the purchase agreement, in which Defendant was to "use reasonable efforts" to either sublease Unipsych's office space or agree to a buyout of the lease at no more than 50% of the lease obligation.  If neither could be obtained by the holdback payment date, Defendant had the right to deduct an additional $100,000.00 from the holdback amount.  (Compl. ¶ 9.)  The holdback payment date was March 5, 2008. (Compl. ¶ 10.)   Defendant did not make payment of any portion of the holdback amount to Plaintiff on March 5, 2008, claiming that the deductions for the authorized covered services and the buyout of the office space lease exceeded the holdback amount. (Compl. ¶¶ 11-12.)   Pursuant to the purchase agreement, Plaintiff had the right to audit Defendant's financial records related to Defendant's calculation of the holdback amount. (Compl. ¶ 13.)  Defendant has failed to provide Plaintiff with requested documents and has not acted in good faith in accounting for and calculating the holdback amount. (Compl. ¶¶ 15-16.)

In support of its motion, Defendant states that count II fails, as a matter of law, because Florida law does not provide for an independent cause of action for breach of the implied duty of good faith and fair dealing. Defendant also states that count II fails to identify any specific, express term of the purchase agreement breached by Defendant.  (Mot. at 5.)  Lastly, Defendant contends that an implied duty of good faith and fair dealing cannot be maintained when that claim is duplicative of the companion breach of contract claim. (Mot. at 6.)

2

II.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III.  Discussion

In interpreting Florida law, the Eleventh Circuit has held that "a claim for a breach of implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." Centurion Air Cargo, Inc. v. United Parcel Svc. Co., 420 F.3d 1146, 1152 (11th Cir. 2005); Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999). Nor can this claim be invoked "to override the express terms of the agreement between the parties." Insurance Concepts and Design, Inc. v. Healthplan Svcs., Inc., 785 So. 2d 1232, 1234 (Fla. Dist. Ct. App. 2001). The breach of the implied covenant of good faith and fair dealing is not an independent cause of action but attaches instead to the performance of a specific contractual obligation. Centurion Air, 420 F.3d at 1151; Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 792 (Fla. Dist. Ct. App. 2005). In addition, a breach of the implied covenant of good faith and fair dealing cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim. Enola Contracting Svcs, Inc. v. URS Group, Inc., No. 5:08cv2-RS-EMT, 2008 WL 1844612, at * 3 (N.D. Fla. Apr. 23, 2008); Trief v. American General Life Ins.

Co., 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006); Shibata v. Lim, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000).

Based on the foregoing, count II of the Complaint fails, as a matter of law, to demonstrate a breach of the implied covenant of good faith and fair dealing. Most significantly, count II does not identify a specific, express term of the contract that Defendant allegedly breached. Instead, this count merely incorporates by reference all the allegations of the Complaint. In so doing, count II duplicates the allegations supporting the breach of contract claim and it is impossible for the Court to distinguish between these two claims.

In opposing the motion, Plaintiff states that discovery will reveal that there are disputed issues of material fact that can support the denial of summary judgment. Plaintiff goes to state some of these facts, albeit without the use of affidavits or other sworn testimony.[1] However, even putting aside those evidentiary deficiencies, Defendant's application does not rely on the lack of disputed material facts, but instead on the theory that Plaintiff's claim fails as a matter of law based on the allegations of the Complaint.

Had Defendant's arguments been made at the motion to dismiss stage, the Court would likely have dismissed count II and provided Plaintiff with leave to amend to add facts to support a claim for a breach of implied covenant of good faith and fair dealing. In this procedural context, however, the Court finds that granting partial summary judgment is appropriate on count II. At the same time, pursuant to the Court's scheduling order (DE 17), Plaintiff is still within the time frame to amend his Complaint to state a viable claim consistent with the legal principles

---

[1] Nor does Plaintiff identify outstanding discovery that he has been unable to obtain.

stated herein as well as Rule 11 of the Federal Rules of Civil Procedure.[2]

In going forward, the Court believes that it would be helpful to discuss two Florida state cases that might assist Plaintiff in alleging a claim for a breach of implied covenant of good faith and fair dealing. In PL Lake Worth Corp. v. 99Cent Stuff-Palm Springs, 949 So. 2d 1199 (Fla. Dist. Ct. App. 2007), the court recognized a breach of the implied duty of good faith and fair dealing arising out of a lease. The lease included an option to renew at a stated rate plus common maintenance and taxes. The tenant repeatedly asked the landlord for an estimate of the maintenance and taxes, but the landlord refused to provide this information, claiming that the lease did not contain an express requirement that this information be conveyed to the tenant. After the time to exercise the option had passed, the landlord provided the information and the tenant sought to renew. The landlord instead brought a declaratory action to evict the tenant. Id. at 1200. The court found that, although the lease was silent regarding the responsibility of the landlord to provide the information at issue, the landlord had an implied duty to furnish this information to allow the tenant to make an informed decision as to whether to exercise the option. Id. at 1201.

---

[2] It can be an abuse of discretion for a district court to refuse to allow amendment of a complaint after the granting of partial summary judgment when there are no grounds for finding that the plaintiff acted with undue delay, bad faith, or dilatory motive. See Bamm, Inc. GAF Corp., 651 F.2d 389, 391 (5th Cir. 1981) (reversing denial of leave to amend when the plaintiff had not filed previous amendments and discovery had not been completed); see also Santiago v. Wood, 904 F.2d 673, 676 (11th Cir. 1990) (reversing denial of motions for leave to amend the complaint and relief from summary judgment when the defendant would not be prejudiced by the amendment since it had notice of the substance of the plaintiff's claims). (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)).

In Speedway SuperAmerica, LLC v. Tropic Enterprises, Inc., 966 So.2d 1 (Fla. Dist. Ct. App. 2007), the lease required written consent by the landlord to any assignment proposed by the tenant.  The lease, however, did not provide any standard for the landlord in exercising its discretion to approve or deny the assignment.  The landlord refused the assignment.  In describing the implied covenant of good faith and fair dealing as a  "gap-filling default rule," the court stated that it comes into play "when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." Id. at 3 citing Publix Super Markets, Inc. v. Wilder Corp. of Del., 876 So.2d 652 (Fla. Dist. Ct. App. 2004).  The court went on to say that the implied covenant is "designed to protect the contracting parties' reasonable expectations" and to limit a party's "ability to act capriciously to contravene the reasonable contractual expectations of the other party." Id. citing  Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097 (Fla. Dist. Ct. App. 1999); see also Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1291 (11th Cir. 2001).  The court found that the lease provision governing assignments was therefore subject to an implied covenant of good faith and fair dealing. Id. at 5.

Therefore, to allege this claim, Plaintiff must state that Defendant breached an express provision of the contract and that the contract is silent regarding the manner by which that express provision must be carried out.  In identifying the express contractual provision at issue, Plaintiff must take care not to duplicate the allegations supporting the breach of contract claim.  At the same time, the allegations cannot result in varying the express terms of the contract.  In providing this guidance, the Court recognizes that Plaintiff relied upon PL Lake Worth  in its response to Defendant's motion and argued that Defendant delayed in providing documents

relevant to the audit, selectively produced documents, refused to provide specific documents and imposed an extra-contractual cost to obtain documents. (Resp. at 13-15.) Significantly, the Complaint does not contain these allegations and there is no credible evidence before the Court to support them. As such, the Court cannot deny summary judgment on this basis.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment as to Count II (DE 12) is **GRANTED**.   Defendant's Motion for Judgment on the Pleadings as to Count II (DE 12) is **DENIED AS MOOT**.  Plaintiff may file an amended complaint within 10 days to attempt to reassert a claim for breach of implied duty of good faith and fair dealing consistent with this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of December, 2008.

_____
KENNETH A. MARRA
United States District Judge